NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

SEP 21 2016

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASON LEE SUTTON, | No. 15-35712 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-05064-SMJ |
| v. | |
| BERNARD WARNER, et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted September 13, 2016**

Before:     HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Jason Lee Sutton, a Washington state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his safety. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo, *Leer v. Murphy*, 844 F.2d 628, 631 (9th Cir. 1988), and we

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm. We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008).

The district court properly granted summary judgment for defendants in their official capacity because Sutton failed to raise a genuine dispute of material fact as to whether a policy or custom of Washington State was a moving force behind the alleged violations. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[I]n an official-capacity action . . . a governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation[.]" (citation and internal quotation marks omitted)).

Summary judgment for defendants Franklin and Warner was proper because Sutton failed to raise a triable dispute as to whether they knew of or personally participated in the alleged violations. *See Preschooler II v. Clark County Sch. Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) (a person is liable under § 1983 "if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made" (citation and internal quotation marks omitted)); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("[W]hen a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her

15-35712

own culpable action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinates.")

Summary judgment for defendants Ruiz, Penrose, Clark, and Young, was proper because Sutton failed to raise a triable dispute as to whether they acted with deliberate indifference, and as to whether their actions were the actual and proximate cause of Sutton's injury. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (deliberate indifference requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); *Leer*, 844 F.2d at 634 (summary judgment was appropriate where inmates failed to raise a triable dispute concerning the causal connection between the individual prison official's actions and the violation).

The district court did not abuse its discretion by implicitly denying Sutton's motion for sanctions and "motion for relief" seeking discovery. *See Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 822 (9th Cir. 2011) (setting forth standard of review for motions for sanctions); *Preminger v. Peake*, 552 F.3d 757, 768 n. 10 (9th Cir. 2008) (setting forth standard of review for discovery

15-35712

rulings).

The district court did not abuse its discretion by denying Sutton's motion to reconsider because Sutton did not identify any grounds for relief from the judgment. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Federal Rule of Civil Procedure 59(e)).

Sutton's motion for appointment of counsel is denied.

**AFFIRMED.**